UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVIN E. SHAFFER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SAN JOSE, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-01308-NW<br><br>**ORDER DISMISSING CERTAIN CLAIMS, SERVING AMENDED COMPLAINT, AND DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>Re: ECF No. 19 |

Plaintiff Devin E. Shaffer, a state detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983.  The Court screened the complaint, dismissed it for failure to state a claim, and granted leave to amend within 28 days.  ECF No. 17.  Shaffer subsequently filed an Amended Complaint and a motion requesting appointment of counsel, which are now before the Court for consideration.  *See* ECF No. 18; ECF No. 19.  For the reasons set forth below, the Court **DISMISSES** the claim against Defendant Bigger, **ORDERS SERVICE** of the Amended Complaint as specified below, and **DENIES** the motion requesting appointment of counsel.

## I.    BACKGROUND

Shaffer states in his Amended Complaint (ECF No. 18) that on June 3, 2025, Santa Clara County Sheriff's Deputy Osorio placed a Hispanic inmate into Shaffer's cell.  Shaffer had a "bad history of being victimized by cellmates" and had been recommended for single-cell assignment during prior bouts of incarceration.  *Id.* at 2.  Shaffer alleges that he tried to show Osorio "proof" of his prior victimization by showing Osorio some medical records.  *Id.*  Osorio disregarded Shaffer's objections.  Shaffer later heard that his cellmate had attacked someone and stripped naked in front of "everyone."  *Id.*  Shaffer asked Osorio and another deputy, Deputy Bigger, to be

moved to another cell, citing that "he was 51/50."[1]  *Id.* at 3.  The Amended Complaint does not clarify who was subjected to the "51/50."  Shaffer's cellmate later attacked Shaffer.  He seeks monetary damages.

## II.  LEGAL STANDARD

Federal courts conduct a preliminary screening of cases in which prisoners seek redress from a governmental entity, an officer, or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id*. at § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*:  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under Section 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was

---

[1] Shaffer appears to be referencing California's Welfare and Institutions Code § 5150, which governs involuntary psychiatric detention.

United States District Court
Northern District of California

committed by a person acting under the color of state law.  *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under Section 1983 if the plaintiff can show that the defendant's actions actually and proximately caused the deprivation of a federally protected right.  *Lemire v. Cal. Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  "A person deprives another 'of a constitutional right, within the meaning of Section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'"  *Leer*, 844 F.2d at 633 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

## III.    DISCUSSION

### A.    Screening

A pretrial detainee is protected from punishment without due process, including jailers' failure to protect, under the Due Process Clause of the Fourteenth Amendment.  *See United States v. Salerno*, 481 U.S. 739, 746–47 (1987); *Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979).  The elements of a pretrial detainee's due process failure-to-protect claim against an individual officer are:

> (1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;
> (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;
> (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved— making the consequences of the defendant's conduct obvious; and
> (4) By not taking such measures, the defendant caused the plaintiff's injuries.

*Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (footnote omitted).

Here, liberally construing the allegations in the Amended Complaint, Shaffer states a cognizable claim that Osorio failed to protect him from harm when he placed the unnamed cellmate with Shaffer despite allegedly being aware that Shaffer had a history of victimization by his cellmates and that the unnamed cellmate had attacked someone.  *See, e.g., id*. at 1071–73 (placing a highly intoxicated plaintiff in a cell with an enraged and combative inmate, which could

result in violence against the plaintiff, can constitute a failure to protect when the cell had no audio or video surveillance and only occasional monitoring).

Although Shaffer also names Bigger as a Defendant, he has not shown that Bigger was responsible for placing the inmate in his cell or that Bigger was aware of either Shaffer or the unnamed cellmate's background. Shaffer therefore fails to state a claim against Bigger. Moreover, as Shaffer has already filed multiple amended complaints in this matter, the Court concludes that further leave to amend would be futile. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) ("Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal."). The claim against Bigger is **DISMISSED**.

### B.    Appointment of Counsel

Shaffer also filed a motion requesting the appointment of counsel. *See* ECF No. 19.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in 42 U.S.C. § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). A court "may request an attorney to represent any person unable to afford counsel" under 28 U.S.C. § 1915(e)(1). The decision whether to appoint one rests within "the sound discretion of the trial court" and is generally granted in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To determine whether appointment of counsel is warranted, the Court considers whether the claims are likely to be meritorious and whether the plaintiff has the ability to articulate his claims "in light of the complexity of the legal issues involved." *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004) (internal quotations omitted).

At this stage, this case does not present exceptional circumstances. The claims in Shaffer's Amended Complaint are not especially complex. Moreover, Shaffer has shown he is capable of adequately presenting his claims, facts, and arguments, as evidenced by his numerous filings in this matter. Accordingly, the motion requesting the appointment of counsel is **DENIED**.

United States District Court
Northern District of California

4

United States District Court
Northern District of California

## IV. CONCLUSION

The Court orders as follows:

1. Shaffer states a cognizable claim of failure to protect against Deputy Osorio under the Fourteenth Amendment Due Process Clause.

2. All other claims and Defendants are **DISMISSED**.

3. Shaffer's motion for appointment of counsel (ECF No. 19) is **DENIED**.

4. Defendant Osorio shall be **SERVED**. The Clerk will issue a summons, and the United States Marshal will serve, without prepayment of fees, copies of the Amended Complaint (ECF No. 18) with attachments and copies of this order on the County Clerk of the Board, County Government Center, 70 W Hedding St., East Wing, 10th floor, San Jose, California, 95110. The Clerk shall also send these documents by email to county.counsel@cco.sccgov.org.

5. In order to expedite the resolution of this case, the Court orders the following briefing schedule:

   a. No later than **90 days** from the date of service, Defendant will file a motion for summary judgment or other dispositive motion. The motion will be supported by adequate factual documentation, shall conform in all respects to Federal Rule of Civil Procedure 56, and will include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they will inform the Court prior to the date the dispositive motion is due. All papers filed with the Court will be promptly served on Shaffer.

   b. At the time the dispositive motion is served, Defendants will also serve, on a separate paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-54 (9th Cir. 1998) (en banc), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). *See Woods v. Carey*, 684 F.3d 934, 940-41 (9th Cir. 2012) (*Rand* and *Wyatt* notices must be

5

given at the time motion for summary judgment or motion to dismiss for non-exhaustion is filed, not earlier); *Rand*, 154 F.3d at 960 (separate paper requirement).

    c. Shaffer's opposition to the dispositive motion, if any, will be filed with the Court and served upon Defendants no later than **28 days** from the date the motion was served upon him.  Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand*, 154 F.3d at 953-54, and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).  If Defendants file a dispositive motion claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), he should take note of the attached page headed "NOTICE -- WARNING (EXHAUSTION)," which must be provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

    d. If Defendant wishes to file a reply brief, he shall do so no later than **14 days** after the opposition is served upon him.

    e. The motion shall be deemed submitted as of the date the reply brief is due.  Absent a further order of the Court, no hearing will be held on the motion.

6. All communications by Shaffer with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

8. It is Shaffer's responsibility to prosecute this case.  If he needs more time to file any documents, including any opposition to Defendant's dispositive motion, he must request an extension of time before his deadline or explain why his request was filed after the deadline.

9. Shaffer must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address."  He also must comply

United States District Court
Northern District of California

6

with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 17, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

7

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.