United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEVIN E. SHAFFER,
Plaintiff,

v.

OSORIO,
Defendant.

Case No. 25-cv-01308-NW

**ORDER PARTIALLY GRANTING DEFENDANT'S MOTION TO SEAL**

Re: ECF No. 31

Plaintiff Devin E. Shaffer, a state detainee proceeding *pro se*, filed the instant civil rights lawsuit alleging excessive force against Defendant Osorio, a Santa Clara County deputy sheriff. *See* ECF No. 19. Osorio filed a motion to seal certain exhibits (ECF Nos. 37, 39) in connection with his motion for summary judgment (ECF No. 27). The Court will address the substance of the motion for summary judgment in a separate order upon the submission of all briefing. The Court addresses the motion to seal below.

## I. BACKGROUND

### A. Complaint

Shaffer alleges in his Amended Complaint (ECF No. 18) that on June 3, 2025, Santa Clara County Sheriff's Deputy Osorio placed a Hispanic inmate into Shaffer's cell. Shaffer had a "bad history of being victimized by cellmates" and had been recommended for single-cell assignment during prior bouts of incarceration. *Id.* at 2. Shaffer alleges that he tried to show Osorio "proof" of his prior victimization by showing Osorio some medical records, which Osorio disregarded. *Id.* Shaffer later heard that his cellmate had attacked someone and stripped naked in front of "everyone." *Id.* Shaffer asked Osorio and another deputy, Deputy Bigger, to move him to another cell, but Shaffer was not moved. Shaffer's cellmate later attacked him.

United States District Court
Northern District of California

**B. Request to Seal**

Osorio's motion to seal requests that the Court seal the following exhibits in their entirety:

- Exhibit B (ECF No. 31-2) is described as "Plaintiff's Classification/Keep-away list[.]" ECF No. 31 at 3. Osorio argues the exhibit should be sealed due to its inclusion of "Personal identifying information; sensitive jail operation information[.]" *Id.* The exhibit contains information about Shaffer's classification designation, restrictions, notes regarding unrelated sensitive investigations, as well as dates and notes documenting changes to Shaffer's housing.
- Exhibit C (ECF No. 31-3) is described as "Disciplinary / Early Assessment / Incident report with classification noted[,]" ECF No. 31 at 3. Osorio argues the exhibit should be sealed due to its inclusion of "Personal identifying information; sensitive jail operation information[.]" *Id.* The exhibit contains narrative information regarding a June 3, 2025 incident. The report includes identifying information about multiple prisoners, including Shaffer, as well as relevant narrative information regarding the merits of Shaffer's claim.

## II. LEGAL STANDARD

The Ninth Circuit recognizes "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*, 331 F.3d at 1135). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The "compelling reasons" standard applies to requests to seal motions that are "more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

Additionally, within the Northern District of California, parties must comply with Civil Local Rule 79-5. Sealing requests must be "narrowly tailored to seal only the sealable material." Civil L.R. 79-5(c)(3). Requests must identify "the reasons for keeping a document under seal," and explain the "interests that warrant sealing," "the injury that will result if sealing is denied," and "why a less restrictive alternative to sealing is not sufficient." *Id.* at 79-5(c)(1).

## III. DISCUSSION

As to Exhibit B, the Court agrees with Osorio that the information contained in the exhibit is highly sensitive and personal such that its public disclosure could potentially embarrass, injure, or affect Shaffer's safety. *See Kamakana*, 447 F.3d at 1178. The Court finds that the sensitivity of the information, the jail's duty to protect the safety and security of detainees, and the infeasibility of redacting the two-page, handwritten document collectively outweigh the benefit of public disclosure of this exhibit. *See Ortiz v. City & Cnty. of S.F.*, No. 18-cv-07727-HSG, 2020 WL 2793615, at *8 (N.D. Cal. May 29, 2020) (granting motion to seal copies of jail surveillance video from the county jail). The request to seal Exhibit B is **GRANTED**.

As to Exhibit C, the Court finds that while the exhibit also contains sensitive information, Osorio's sealing request is not narrowly tailored to protect confidential or sensitive information given that the exhibit contains relevant and probative information about the merits of this lawsuit. *See* L.R. 79-5(c). The motion provides only generic and perfunctory rationales for sealing the entirety of the exhibit without explaining the injury that will result if sealing is denied nor, most importantly, an explanation as to why less restrictive alternatives—such as redactions of sensitive or personal identifying information—would not suffice. *See* L.R. 79-5(c)(1); *see also Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1360 (Fed. Cir. 2020) (noting that district court properly determined that party's sealing requests were "far from narrowly tailored" where party "sought sealing of entire documents based on no more than perfunctory assertions" that documents contained sensitive or confidential information) (citation modified). The request to seal Exhibit C is **DENIED** except to the extent that Osorio wishes to redact information that falls under Federal Rule of Civil Procedure 5.2(a).

## IV. CONCLUSION

The Court orders as follows:

1. The motion to seal (ECF No. 31) is **PARTIALLY GRANTED**.
2. Exhibit B (ECF No. 31-2) shall be **SEALED**.
3. Osorio is ordered to refile Exhibit C in accordance with the Court's order or file a new motion to seal proposing narrowly tailored redactions within 30 days.

**IT IS SO ORDERED.**

Dated: August 10, 2026

Noël Wise
United States District Judge